**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Case No. 09-34791-BKC-RBR
                                                          Chapter 11

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]

      Debtor.

_____/

HERBERT STETTIN, Chapter 11 TRUSTEE,          Adv. Pro. No. _____-BKC-RBR-A

      Plaintiff,

v.

CASA CASUARINA, LLC, LOFTIN FAMILY, LLC,
LOFTIN HOSPITALITY, LLC,
LUXURY RESORTS, LLC[2], and JOHN DOES 1-50.

      Defendant.

_____/

**COMPLAINT TO AVOID AND RECOVER**
**FRAUDULENT TRANSFERS AND FOR DAMAGES**

      Plaintiff Herbert Stettin, Chapter 11 Trustee ("Trustee" or "Plaintiff") of Rothstein

Rosenfeldt Adler, P.A. ("RRA"), sues Defendants Casa Casuarina, LLC ("Casa"), Loftin Family,

LLC ("Loftin Family"), Loftin Hospitality, LLC, ("Loftin Hospitality"), and Luxury Resorts,

LLC ("Luxury") to avoid and recover damages for fraudulent transfers and other state common

law claims, and states:

---

[1] The address and last four digits of the taxpayer identification number of the debtor is 401 E. Las Olas Blvd. Suite 2270, Fort Lauderdale, FL 33301 (TIN 7961).

[2] In compliance with Fed. R. Bankr. P. 7020 and Local Rule 7003-1(D) regarding the joinder of multiple parties in a single action, the claims asserted against the named defendants arise out of the same series of transactions and involve common issues of law and fact.

## THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Herbert Stettin was appointed receiver of Rothstein Rosenfeldt Adler, P.A. ("RRA") on November 2, 2009, in an action commenced in the Circuit Court of Broward County, Florida styled *Stuart Rosenfeldt and Rothstein Rosenfeldt Adler, P.A. v. Scott W. Rothstein*, Case No. 09-059301(07) (the "Receivership Action").  On November 10, 2009 (the "Petition Date"), an involuntary bankruptcy case was filed against RRA, the debtor in the above-captioned case (DE #1).  On November 20, 2009, the Office of the United States Trustee filed a Notice Appointing Plaintiff Herbert Stettin as the Chapter 11 Trustee of RRA (DE #35). On November 25, 2009, this Court entered an order ratifying the appointment of Plaintiff Stettin as Trustee (DE #55). The Trustee is the proper party plaintiff with standing to bring this action.

2.      On November 25, 2009, RRA, through the Trustee, consented to the relief sought by the involuntary petition (DE #57). On November 30, 2009, this Court entered an Order for Relief (DE #66).

3.      Defendant Casa is a Florida Limited Liability Company with its principal place of business in Miami-Dade County, Florida.  Casa received the transfers set forth herein from RRA within four years of the filing of the Petition Date.

4.      Defendant Loftin Family is a North Carolina Limited Liability Company with its principal place of business in Raleigh, North Carolina.  Loftin Family received the transfers set forth herein from RRA within four years of the filing of the Petition Date.

5.      Defendant Loftin Hospitality is a Florida Limited Liability Company with its principal place of business in Miami-Dade County, Florida.  Loftin Hospitality received the transfers set forth herein from RRA within four years of the filing of the Petition Date.

6. Defendant Luxury is a North Carolina Limited Liability Company with its principal place of business in Raleigh, North Carolina. Luxury received the transfers set forth herein from RRA within four years of the filing of the Petition Date.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b).

8. The claims for avoidance of fraudulent transfers and the count to recover the avoided transfers are core proceedings for which this Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(H)[3]. The claims for common law causes of action are noncore proceedings as to which the Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## INTRODUCTORY BACKGROUND FACTS

10. RRA was a Florida professional services corporation, formed on February 7, 2002 by Scott W. Rothstein ("Rothstein") and Stuart Rosenfeldt ("Rosenfeldt"). Although Rothstein dominated the management of RRA, the law firm also maintained an Executive Committee and had two levels of recognized senior attorney leadership which indicated an ownership interest

---

[3] By filing this Complaint in the office of the Clerk of the Bankruptcy Court, Plaintiff is necessarily filing it within the District Court as the Bankruptcy Court is, at the very least for administrative purposes, a unit of the District Court. 28 U.S.C. § 151. Moreover, the District Court's Order of Assignment of Cases Arising Under Title 11, United States Code, No. 84-12-CIV-MISC mandates that actions arising in or under or related to cases under title 11 of the United States Code be immediately referred to the Bankruptcy Court, and by longstanding practice such adversary proceedings are therefore filed at the office of the Clerk of the Bankruptcy Court and not the office of the Clerk of the District Court. At least one federal court opinion outside this circuit purporting to apply the teaching of the recently decided case by the United States Supreme Court, *Stern v. Marshall*, 131 S.Ct. 2594 (2011), suggested that adversary proceedings like this one are outside the Bankruptcy Court's jurisdiction to hear or determine, necessitating dismissal of the complaint without consideration of the more reasonable option of simply withdrawing the reference so that an Article III district judge will be the judicial officer to enter judgment. While Plaintiff vigorously disagrees with such opinion(s), in an abundance of caution, Plaintiff requests that, in the event that it is later determined by this or any other court of competent jurisdiction that the Bankruptcy Court may not enter final judgment in this adversary proceeding, the District Court's reference of this adversary proceeding be withdrawn or be deemed withdrawn, as necessary, so that the merits of the complaint may be heard by a constitutionally authorized judicial officer and not dismissed.

in the firm, that is "Shareholders" and "Partners."

11.     Although the firm's practice was initially focused on labor and employment law, it expanded to other practice areas, including commercial litigation, intellectual property, corporate law, mergers and acquisitions, real estate, criminal defense, class actions, mass torts and personal injury claims.  RRA rapidly grew from a seven-attorney law firm in 2002 to 70 attorneys and 80 support staff in 2009.  It maintained its principal office in downtown Fort Lauderdale, Florida, with satellite offices in Miami, Boca Raton and New York.

12.     Prior to 2005, Rothstein was a virtual unknown in legal, political, and charitable circles.  Subsequent to 2005, Rothstein and RRA became highly visible in South Florida making direct and indirect significant political, civic and charitable contributions to both gain influence and create the appearance of financial success.

13.     In November 2009, Rosenfeldt, on behalf of RRA and himself, initiated the Receivership Action for judicial dissolution of the firm, an accounting, and appointment of a receiver, pursuant to Florida Statutes §§ 607.1430(3), 607.1431 and 607.1432.  His complaint alleged that Rothstein had engaged in multiple wrongful acts constituting a Ponzi scheme, pleading that Rothstein orchestrated a substantial misappropriation of funds from investor trust accounts in RRA's name.  Rosenfeldt's complaint also alleged that the investment business created and operated by Rothstein centered on the fraudulent sale of interests in structured settlements and that "various funds unrelated to the practice of law cannot be accounted for."

14.     As part of his Ponzi scheme to defraud investors, Rothstein utilized the RRA offices, RRA lawyers and staff, and his position as an attorney, owner and officer of RRA, in addition to many law firm and personal relationships and with RRA's financial institutions, to effectuate the fraudulent sale of fictitious structured settlements.

15.     On November 9, 2009, the United States of America filed a Verified Complaint for Forfeiture *In Rem* against several real properties that were connected to Rothstein or RRA, Case No. 09-cv-61780-WJZ.  The Forfeiture Complaint pled that the "criminal investigation has disclosed that the investments purportedly underlying the… investment scheme never existed.  The investigation has established that no such settlement agreements ever existed and the entire investment scheme was a fraud."

16.     On November 25, 2009, by consent, Rothstein was permanently disbarred as a member of The Florida Bar by the Florida Supreme Court.  On January 25, 2010, as set forth in a Plea Agreement filed in the criminal proceeding styled *United States of America v. Scott W. Rothstein*, United States District Court for the Southern District of Florida, Case Number 0:09-cr-60331-JIC [D.E. 69] (the "Criminal Proceeding"), Rothstein admitted to conspiring with others to conduct a pattern of racketeering activity which included violations of federal mail fraud, wire fraud, money laundering and conspiracy statutes.  On June 9, 2010, Rothstein was sentenced to a prison term of 50 years.

## THE PONZI SCHEME MECHANICS

17.     Beginning in or about 2005 and continuing through the end of October 2009, Rothstein represented to prospective investors and lenders that: (a) certain of RRA's clients had settled financially significant sexual harassment, whistleblower and/or employment discrimination claims against third party/putative defendants prior to the commencement of litigation; (b) the third party/putative defendants had paid the full amount of the settlement proceeds into RRA's trust accounts; (c) the settlement proceeds would be disbursed to RRA's aggrieved clients over a period of time, subject to strict confidentiality provisions prohibiting the disclosure of the identities of the parties; and (d) certain of these aggrieved clients needed

cash and wished to sell their settlements at sums less than the purported recoveries obtained for them by RRA.

18.     Rothstein further represented to prospective investors and lenders that they could "purchase" the settlement proceeds from RRA's clients at a substantial discount and thereby profit on the spread between the lump sum payment and the total of the settlement proceeds to be disbursed over time.

19.     In fact, the entire settlement scheme was a lie.  Rothstein falsified the existence of the aggrieved clients and the third party/putative defendants, the existence of the settlements, the resulting settlement proceeds, and every document relating to these purported settlements (the "Fictitious Settlements").

20.     In order to induce investments, some of which were in the form of loans, Rothstein emphasized to prospective investors and lenders that the settlement proceeds were held in RRA's trust accounts.

21.     In fact, Rothstein utilized investor and lender funds, RRA client funds and RRA's own earnings to pay the earlier Fictitious Settlements to investors and lenders, and to fund his own lavish personal expenditures, including acquiring interests in real properties and various businesses, commonly known as the "Rothstein Entities."

22.     A typical Fictitious Settlement transaction involved the following documents:  (a) a redacted contingency fee agreement between RRA and its purported aggrieved client, (b) a redacted settlement agreement executed between the purported client and the defendant, (c) a sale and transfer agreement, (d) an acknowledgement of assignment/purchase of settlement proceeds agreement, (e) a guaranty executed by Rothstein personally and on behalf of RRA, (f) a defense agreement, (g) a redacted wire transfer confirmation purporting to evidence payment

of all settlement proceeds into RRA's bank account at TD Bank, and (h) correspondence detailing the transaction on RRA's letterhead, (collectively, the "Fictitious Settlement Documents").  Many of the Ponzi scheme transactions also included a guaranty by Rothstein and a promissory note issued by RRA in favor of the investor or lender, promising to pay the settlement amount.

23.    The Fictitious Settlement Documents redacted the names of the alleged litigants and other pertinent information an investor or lender could have used to verify the legitimacy of the settlements.  Rothstein uniformly explained the redactions were necessary to maintain the absolute confidentiality needs of the settling parties.

24.    In the course of Rothstein's Ponzi scheme, he regularly transferred, commingled and used money from one bank account into another, in order to cover up his thefts.  In the process, he stole (i) investor, lender and law firm client funds, frequently out of accounts that were titled as "trust accounts," (ii) RRA's fee income from its operating account, and (iii) funds from other bank accounts which he controlled related to the Rothstein Entities.

25.    This bank account manipulation enabled Rothstein to cover the continuously increasing personal and RRA expenditures by creating the appearance that sufficient funds were on hand to pay expenses, including settlement monies due Ponzi scheme investors and lenders.

26.    All conditions precedent to the institution of this action have been performed, have occurred, have been waived or have been excused.

## ALLEGATIONS SPECIFIC TO DEFENDANTS

27.    Prior to the Petition date, between November 7, 2006 and October 21, 2009, the Debtor made transfers totaling approximately $4.8 million to the Defendants (collectively referred to as the "Transfers").  A schedule of the Transfers made between November 7, 2006

and October 21, 2009 totaling $480,638.31 to Defendant Casa (the "Casa Transfers") is listed on Exhibit "A" attached hereto.  A schedule of the Transfers made between September 4, 2009 and October 9, 2009 totaling $2,275,000 to Defendant Loftin Family (the "Loftin Family Transfers") is listed on Exhibit "B" attached hereto.  A schedule of the Transfer made on or about August 10, 2009 in the amount of $41,341.81 to Defendant Loftin Hospitality (the "Loftin Hospitality Transfer") is listed on Exhibit "C" attached hereto.  A schedule of the Transfers made between July 24, 2009 and August 10, 2009 totaling $2,125,000 to Defendant Luxury (the "Luxury Transfers") is listed on Exhibit "D" attached hereto.  Verification of the Transfers by wire or check from RRA and deposit of the wire or check into the Defendants' accounts are attached as composite Exhibit "E" hereto.

28.     The Transfers did not relate to the operation of RRA, confer a benefit upon, or provide value to, RRA.

29.     The Trustee has made demand upon the Defendants for repayment of the Transfers.  The Defendants have failed and refused to make such repayment.

### COUNT I – ACTION TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(A)(1)(A) OF THE BANKRUPTCY CODE

### [AGAINST CASA]

30.     The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

31.     The Transfers reflected on Exhibit A were made to Casa within four years of the Petition Date. Those Transfers that were made between November 10, 2007 and October 30, 2009 (the "Casa Two Year Transfers") were made by RRA within two years prior to the date that the Involuntary Petition was filed on November 10, 2009.

32.     The Casa Two Year Transfers were made by RRA to Casa with the actual intent to hinder, delay or defraud an entity to which RRA was or became, on or after the date such

transfers were made, indebted.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a Judgment:

(a) Declaring the Two Year Transfers to have been fraudulent transfers pursuant to § 548(a)(1)(A) of the Bankruptcy Code;

(b) Avoiding the Two Year Transfers made to Casa as fraudulent transfers in violation of § 548(a)(1)(A) of the Bankruptcy Code;

(c) Disallowing any claim that Casa may have against the Debtor until such time as Casa repays the Two Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d) Granting such other and further relief as may be just and proper.

**COUNT II – ACTION TO AVOID FRAUDULENT TRANSFERS
PURSUANT TO SECTION 548(A)(1)(B) OF THE BANKRUPTCY CODE**

**[AGAINST CASA]**

33.    The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

34.    The Casa Two Year Transfers reflected on Exhibit A were made by RRA within two years prior to the Petition Date.

35.    RRA received less than reasonably equivalent value in exchange for the Casa Two Year Transfers, and

(a)    RRA was insolvent on the dates that the transfers were made or was rendered insolvent because of those transfers;

(b)    RRA was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

(c)      RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, the Trustee respectfully requests the Court enter judgment:

(a)      Declaring the above referenced payments to Casa to have been fraudulent transfers pursuant to § 548(a)(1)(B) of the Bankruptcy Code;

(b)      Avoiding the Two Year Transfers made to Casa as fraudulent transfers in violation of § 548(a)(1)(B) of the Bankruptcy Code;

(c)      Disallowing any claim that Casa may have against the Debtor until such time as Casa repays the Two Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d)      Granting such other and further relief as may be just and proper.

**COUNT III – ACTION TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF BANKRUPTCY CODE AND SECTION 726.105(1)(A) OF FLORIDA STATUTES**

**[AGAINST CASA]**

36.      The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

37.      Within the four year period preceding the Petition Date, RRA made the Transfers reflected on Exhibit A to Casa ("the "Casa Four Year Transfers").

38.      The Casa Four Year Transfers were made by RRA with the actual intent to hinder, delay or defraud creditors of RRA.  At the time of each transfer reflected on Exhibit A there existed at least one actual creditor of RRA that was thereby harmed by the transfer.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment:

(a) Declaring the above referenced payments to Casa to have been fraudulent transfers pursuant to *Fla. Stat.* § 726.105(1)(a);

(b) Avoiding the Transfers made to Casa as fraudulent transfers in violation of *Fla. Stat.*

§ 726.105(1)(a);

(c) Disallowing any claim that Casa may have against the Debtor until such time as Casa repays the Four Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d)  Granting such other and further relief as may be just and proper.

### COUNT IV – ACTION TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF BANKRUPTCY CODE AND SECTION 726.105(1)(B) OF FLORIDA STATUTES
### [AGAINST CASA]

39.    The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

40.    Within the four year period preceding the Petition Date, RRA made the Casa Four Year Transfers reflected on Exhibit A to Casa.

41.    RRA made the Casa Four Year Transfers without receiving reasonably equivalent value in exchange for the Casa Four Year Transfers, and

(a) RRA was engaged or was about to engage in a business or a transaction for which the remaining assets of RRA were unreasonably small in relation to its business or transaction; or

(b)  RRA intended to incur, or believed it would incur, debts that would be beyond RRA's ability to pay as they became due.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment:

(a) Declaring the above referenced payments to Casa to have been fraudulent transfers pursuant to *Fla. Stat.* § 726.105(1)(b);

(b) Avoiding the Four Year Transfers made to Casa as fraudulent transfers in violation of *Fla. Stat*. § 726.105(1)(b);

(c) Disallowing any claim that Casa may have against the Debtor until such time as Casa repays the Four Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d) Granting such other and further relief as may be just and proper.

## COUNT V – ACTION TO AVOID FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 544 OF BANKRUPTCY CODE AND SECTION 726.106(1)
## OF FLORIDA STATUTES

### [AGAINST CASA]

42.    The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

43.    Within the four years period preceding the Petition Date, RRA made the Casa Four Year Transfers on Exhibit A to Casa.

44.    RRA made the Casa Four Year Transfers without receiving reasonably equivalent value in exchange for the Casa Four Year Transfers.

45.    RRA was insolvent at that times of the Casa Four Year Transfers or became insolvent as a result of thereof.  At the time of each transfer reflected on Exhibit A there existed at least one actual creditor of RRA that was thereby harmed by the transfer.

**WHEREFORE**, the Trustee respectfully requests this Court to enter a judgment:

(a) Declaring the above referenced payments to the Casa to have been fraudulent transfers pursuant to *Fla. Stat.* § 726.106(1);

(b) Avoiding the Transfers made to Casa as fraudulent transfers in violation of *Fla. Stat.* § 726.106(1);

(c) Disallowing any claim that Casa may have against the Debtor until such time as Casa repays the Four Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d)  Granting such other and further relief as may be just and proper.

### COUNT VI – ACTION TO AVOID FRAUDULENT TRANSFERS
### PURSUANT TO SECTION 548(A)(1)(A) OF THE BANKRUPTCY CODE
### [AGAINST LOFTIN FAMILY]

46.    The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

47.    The Transfers reflected on Exhibit B were made to Loftin Family within four years of the Petition Date. Those Transfers that were made between November 10, 2007 and

October 30, 2009 (the "Loftin Family Two Year Transfers") were made by RRA within two years prior to the date that the Involuntary Petition was filed on November 10, 2009.

48.     The Loftin Family Two Year Transfers were made by RRA to Loftin Family with the actual intent to hinder, delay or defraud an entity to which RRA was or became, on or after the date such transfers were made, indebted.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a Judgment:

(a) Declaring the Loftin Family Two Year Transfers to have been fraudulent transfers pursuant to § 548(a)(1)(A) of the Bankruptcy Code;

(b)  Avoiding the Two Year Transfers made to Loftin Family as fraudulent transfers in violation of § 548(a)(1)(A) of the Bankruptcy Code;

(c) Disallowing any claim that Loftin Family may have against the Debtor until such time as Loftin Family repays the Two Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d) Granting such other and further relief as may be just and proper.

**COUNT VII – ACTION TO AVOID FRAUDULENT TRANSFERS
PURSUANT TO SECTION 548(A)(1)(B) OF THE BANKRUPTCY CODE**

**[AGAINST LOFTIN FAMILY]**

49.     The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

50.     The Loftin Family Two Year Transfers reflected on Exhibit B were made by RRA within two years prior to the Petition Date.

51.     RRA received less than reasonably equivalent value in exchange for the Loftin Family Two Year Transfers, and

(a)     RRA was insolvent on the dates that the transfers were made or was rendered insolvent because of those transfers;

(b)       RRA was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

(c)       RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, the Trustee respectfully requests the Court enter judgment:

(a)       Declaring the above referenced payments to Loftin Family to have been fraudulent transfers pursuant to § 548(a)(1)(B) of the Bankruptcy Code;

(b)       Avoiding the Two Year Transfers made to Loftin Family as fraudulent transfers in violation of § 548(a)(1)(B) of the Bankruptcy Code;

(c)       Disallowing any claim that Loftin Family may have against the Debtor until such time as Loftin Family repays the Two Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d)       Granting such other and further relief as may be just and proper.

### COUNT VIII – ACTION TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(A)(1)(A) OF THE BANKRUPTCY CODE

### [AGAINST LOFTIN HOSPITALITY]

52.       The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

53.       The Transfer reflected on Exhibit C was made to Loftin Hospitality within four years of the Petition Date. The Transfer that was made between November 10, 2007 and October 30, 2009 (the "Loftin Hospitality Two Year Transfer") was made by RRA within two years prior to the date that the Involuntary Petition was filed on November 10, 2009.

54.       The Loftin Hospitality Two Year Transfer was made by RRA to Loftin Hospitality with the actual intent to hinder, delay or defraud an entity to which RRA was or

became, on or after the date such transfers were made, indebted.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a Judgment:

(a) Declaring the Loftin Hospitality Two Year Transfer to have been a fraudulent transfer pursuant to § 548(a)(1)(A) of the Bankruptcy Code;

(b) Avoiding the Two Year Transfer made to Loftin Hospitality as a fraudulent transfer in violation of § 548(a)(1)(A) of the Bankruptcy Code;

(c) Disallowing any claim that Loftin Hospitality may have against the Debtor until such time as Loftin Hospitality repays the Two Year Transfer to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d) Granting such other and further relief as may be just and proper.

### COUNT IX – ACTION TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(A)(1)(B) OF THE BANKRUPTCY CODE

### [AGAINST LOFTIN HOSPITALITY]

55.     The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

56.     The Loftin Hospitality Two Year Transfer reflected on Exhibit C was made by RRA within two years prior to the Petition Date.

57.     RRA received less than reasonably equivalent value in exchange for the Loftin Hospitality Two Year Transfer, and

(a)     RRA was insolvent on the date that the transfer was made or was rendered insolvent because of that transfer;

(b)     RRA was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

(c)     RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, the Trustee respectfully requests the Court enter judgment:

(a)     Declaring the above referenced payments to Loftin Hospitality to have been a fraudulent transfer pursuant to § 548(a)(1)(B) of the Bankruptcy Code;

(b)     Avoiding the Two Year Transfer made to Loftin Hospitality as a fraudulent transfer in violation of § 548(a)(1)(B) of the Bankruptcy Code;

(c)     Disallowing any claim that Loftin Hospitality may have against the Debtor until such time as Loftin Hospitality repays the Two Year Transfer to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d)     Granting such other and further relief as may be just and proper.

## COUNT X – ACTION TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(A)(1)(A) OF THE BANKRUPTCY CODE

### [AGAINST LUXURY]

58.     The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

59.     The Transfers reflected on Exhibit D were made to Luxury within four years of the Petition Date. Those Transfers that were made between November 10, 2007 and October 30, 2009 (the "Luxury Two Year Transfers") were made by RRA within two years prior to the date that the Involuntary Petition was filed on November 10, 2009.

60.     The Luxury Two Year Transfers were made by RRA to Luxury with the actual intent to hinder, delay or defraud an entity to which RRA was or became, on or after the date such transfers were made, indebted.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a Judgment:

(a) Declaring the Luxury Two Year Transfers to have been fraudulent transfers pursuant to § 548(a)(1)(A) of the Bankruptcy Code;

(b)  Avoiding the Two Year Transfers made to Luxury as fraudulent transfers in violation of § 548(a)(1)(A) of the Bankruptcy Code;

(c) Disallowing any claim that Luxury may have against the Debtor until such time as Luxury repays the Two Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d) Granting such other and further relief as may be just and proper.

## COUNT XI – ACTION TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(A)(1)(B) OF THE BANKRUPTCY CODE

### [AGAINST LUXURY]

61.    The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

62.    The Luxury Two Year Transfers reflected on Exhibit D were made by RRA within two years prior to the Petition Date.

63.    RRA received less than reasonably equivalent value in exchange for the Luxury Two Year Transfers, and

(a)    RRA was insolvent on the dates that the transfers were made or was rendered insolvent because of those transfers;

(b)    RRA was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

(c)    RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, the Trustee respectfully requests the Court enter judgment:

(a)     Declaring the above referenced payments to Luxury to have been fraudulent transfers pursuant to § 548(a)(1)(B) of the Bankruptcy Code;

(b)     Avoiding the Two Year Transfers made to Luxury as fraudulent transfers in violation of § 548(a)(1)(B) of the Bankruptcy Code;

(c)     Disallowing any claim that Luxury may have against the Debtor until such time as Luxury repays the Two Year Transfers to the bankruptcy estate pursuant to 11 U.S.C. § 502(d); and

(d)     Granting such other and further relief as may be just and proper.

## COUNT XII – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF BANKRUPTCY CODE

64.     The Trustee re-alleges paragraphs 1 through 29 above, as if fully set forth herein.

65.     The Casa Two Year Transfers, Casa Four Year Transfers, Loftin Family Two Year Transfers, Loftin Hospitality Two Year Transfers, and Luxury Two Year Transfers, (collectively, the "Transfers") referenced above are avoidable by the Trustee pursuant to 11 U.S.C. §§ 544 and 548 and as a result, such payments are recoverable by the Trustee pursuant to 11 U.S.C. § 550.

66.     The Defendants were the initial transferees of the above referenced payments stated in the foregoing counts and Exhibits A through D and/or the entity for whose benefit such transfers were made.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment:

(a) Directing the Defendants to turn over the above referenced fraudulent transfers and payments, plus interest at the applicable federal statutory rate, and reasonable attorneys' fees and expenses to the extent permissible by applicable law to the Trustee; and

(b) Granting such other and further relief as may be just and proper.

**COUNT XIII**
**CLAIM FOR UNJUST ENRICHMENT**

67.    The Trustee re-alleges paragraphs 1 through 29 above as if fully set forth herein.

68.    The Debtor conferred a benefit upon the Defendants by making the transfers that are the subject of Counts I through XI of the Complaint as stated above.

69.    The Defendants knowingly and voluntarily accepted and retained the benefits conferred by RRA with respect to such transfers.

70.    The circumstances are such that it would be inequitable and unjust for the Defendants to retain the benefits conferred by RRA without paying the Trustee the value thereof.

71.    The Defendants have been unjustly enriched at the expense of RRA's bankruptcy estate.

72.    The Trustee is entitled to the return of those amounts by which the Defendants were unjustly enriched, through disgorgement or another appropriate remedy.

   **WHEREFORE,** the Trustee respectfully requests the Court enter a judgment in the full amount of the Transfers against defendants Casa Casuarina, LLC; Loftin Family, LLC; Loftin Hospitality, LLC and Luxury Resorts, LLC, for pre-judgment interest, costs of suit and all such other relief as the Court deems just and appropriate.

**COUNT XIV**
**CLAIM FOR ALTER EGO & PIERCING THE CORPORATE VEIL**

73.    The Trustee re-alleges paragraphs 1 through 29 above as if fully set forth herein.

74.    On information and belief, the corporate entity that was the intended beneficiary of all Transfers is defendant Casa Casuarina, LLC, which operates the signature property on Ocean Drive in South Beach, commonly known as Casa Casuarina or the Versace Mansion (the "Property").

75.     The purpose behind Rothstein orchestrating the Transfers with RRA funds was for Rothstein to acquire an ownership interest in Casa Casuarina LLC and the Property, and also to pay certain of its operating expenses and improve the Property.  Accordingly, all of the Transfers should have been payable solely to Casa Casuarina, LLC and no other defendant named in this lawsuit.

76.     At all times relevant hereto, Peter Loftin ("Loftin") owned or controlled, and dominated in all respects the business operations, management and affairs of the Property and Casa Casuarina, LLC; Loftin Family, LLC; Loftin Hospitality, LLC and Luxury Resorts, LLC. (collectively, the "Loftin Entities").

77.     Further, at all times relevant hereto, upon information and belief, Loftin and certain of the Loftin Entities had both personal unsatisfied judgments recorded against them and lacked personal cash flow, and the Property itself was suffering badly from a combination of serious economic woes.

78.     Thus, as an improper act, in an intentional effort to divert money from the Property and to shield the Transfers from creditors so as to gain exclusive personal control over the transferred funds, Loftin directed Rothstein and RRA to make the Transfers payable to the various Loftin Entities as described in paragraph 27 above.

79.     Under these circumstances, Casa Casuarina, LLC; Loftin Family, LLC; Loftin Hospitality, LLC and Luxury Resorts, LLC are all the alter ego of each other and particularly of Loftin, such that the Trustee is entitled to obtain a joint and several judgment against all of the defendants for the full amount of the Transfers.

**WHEREFORE,** the Trustee respectfully requests the Court enter a judgment in the full amount of the Transfers against defendants Casa Casuarina, LLC; Loftin Family, LLC; Loftin

Hospitality, LLC and Luxury Resorts, LLC, jointly and severally, for pre-judgment interest, costs of suit and all such other relief as the Court deems just and appropriate.

## COUNT XV
## CLAIM FOR EQUITABLE LIEN IN CASA CASUARINA

80.     The Trustee re-alleges paragraphs 1 through 29 and above as if fully set forth herein.

81.     On information and belief, the corporate entity that operates the property that was the intended beneficiary of all Transfers is defendant Casa Casuarina, LLC, which operates the Property.  The purpose behind Rothstein orchestrating the Transfers with RRA funds was for Rothstein to acquire an ownership interest in Casa Casuarina LLC and the Property, and also to pay certain of its operating expenses and improve the Property.

82.     The Plaintiff as Trustee of RRA is the legal title holder to all property of RRA.

83.     The Transfers were effected by Rothstein and RRA to the Loftin Entities, using RRA funds fraudulently or alternatively, retained by the Loftin Entities under circumstances such that it would be inequitable for them to retain the Transfers.

84.     Further, at all times relevant hereto, on information and belief, Loftin and certain of the Loftin Entities had both personal unsatisfied judgments recorded against them and lacked personal cash flow, and the Property itself was suffering badly from a combination of serious economic woes.

85.     Thus, in an effort to divert money from the Property and further, to shield the money which constituted the Transfers from creditors and to gain as much personal control over the transferred funds as possible, Loftin directed Rothstein and RRA to make the Transfers payable to the various Loftin Entities as described in paragraph 27 above.

86.     The Loftin Entities have been unjustly enriched to the detriment of the Trustee. As a result, an equitable lien should be established against the Property as all Transfers and proceeds of the Transfers are directly traceable for the intended purchase and improvement of the Property.

**WHEREFORE,** the Trustee respectfully requests the Court enter a judgment in the full amount of the Transfers and imposition of an equitable lien to be established against the Property and all proceeds traceable therefrom, against defendants Casa Casuarina, LLC; Loftin Family, LLC; Loftin Hospitality, LLC and Luxury Resorts, LLC, jointly and severally, and all such other relief as the Court deems just and appropriate.

## COUNT XVI
## DETERMINATION OF EXTENT AND PRIORITY OF THE EQUITABLE LIEN

87.     The Trustee re-alleges paragraphs 1 through 29, and 80 through 86 and above as if fully set forth herein.

88.     This is an action to determine the validity, priority and extent of liens, claims and encumbrances as to the Property.

89.     The Trustee asserts an equitable lien against the Property (the "Equitable Lien").

90.     The Trustee's Equitable Lien was created at the time that the funds were diverted from RRA to the Property.

91.     John Does 1-50 are those parties, yet unidentified, who have interests in or against the Property.

92.     The Equitable Lien is superior to any lien filed by any party that is subsequent to November 7, 2006, which is the date of the first transfer to the Property.

**WHEREFORE,** the Trustee respectfully requests the Court enter determining that the Equitable Lien is superior in priority to all other liens on the Property that emerged subsequent to November 7, 2006, and all such other relief as the Court deems just and appropriate.

**WHEREFORE**, the Trustee respectfully requests the Court to enter judgment against the Defendants in the amount that each Defendant was unjustly enriched, including pre- and post-judgment interest and costs, and to grant any other relief the Court deems appropriate.

BERGER SINGERMAN, P.A.
Attorneys for the Trustee, Herbert Stettin
Berger Singerman, P.A.
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
Main Line: (954) 525-9900
Facsimile: (954) 523-2872


By:   */s/Charles H. Lichtman, Esq.*
        Charles H. Lichtman, Esq.
        Fla. Bar No. 501050
        clichtman@bergersingerman.com
        Direct Line (954) 712-5138
        Isaac M. Marcushamer, Esq.
        Fla. Bar No. 0060373
        imarcushamer@bergersingerman.com

4025851-1

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| *Date* | *Check Numbers* | *Payments* | |
|---|---|---|---|
| 11/7/2006 | 17649 | $ | 1,500.00 |
| 11/7/2006 | 17651 | $ | 2,400.00 |
| 11/7/2006 | 17650 | $ | 50,000.00 |
| 2/23/2007 | 18790 | $ | 1,222.37 |
| 4/27/2007 | 19515 | $ | 13,141.73 |
| 5/15/2007 | 19739 | $ | 5,258.45 |
| 5/16/2007 | 19746 | $ | 25,686.12 |
| 8/23/2007 | 21158 | $ | 224.70 |
| 11/26/2007 | 22501 | $ | 224.70 |
| 12/14/2007 | 22715 | $ | 4,566.76 |
| 5/22/2008 | 25440 | $ | 224.70 |
| 8/27/2008 | 26243 | $ | 224.70 |
| 9/2/2009 | WIRE | $ | 50,964.08 |
| 9/3/2009 | WIRE | $ | 200,000.00 |
| 10/21/2009 | WIRE | $ | 125,000.00 |
| | | | |
| **Total** | | **$** | **480,638.31** |

EXHIBIT A

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| Date | Check Numbers | Payments |
|------|---------------|----------|
| 09/04/09 | WIRE | $ 1,000,000.00 |
| 09/21/09 | WIRE | $ 500,000.00 |
| 10/08/09 | WIRE | $ 195,000.00 |
| 10/09/09 | WIRE | $ 580,000.00 |
| | | |
| | | |
| | **TOTAL** | **$ 2,275,000.00** |

EXHIBIT B

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| *Date* | *Check Numbers* | *Payments* | |
|---|---|---|---|
| 08/10/09 | WIRE | $ | 41,341.81 |
| | | | |
| | **TOTAL** | **$** | **41,341.81** |

EXHIBIT C

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| *Date* | *Check Numbers* | *Payments* | |
|---|---|---|---|
| 07/24/09 | WIRE | $ | 1,125,000.00 |
| 08/03/09 | WIRE | $ | 500,000.00 |
| 08/10/09 | WIRE | $ | 500,000.00 |
| | | | |
| | **TOTAL** | **$** | **2,125,000.00** |

EXHIBIT D

**EXHIBIT E**

**ROTHSTEIN ROSENFELDT ADLER**
**OPERATING ACCOUNT**
LAS OLAS CITY CENTRE, SUITE 1650
401 E. LAS OLAS BLVD.   954-522-3456
FORT LAUDERDALE, FL 33301

GIBRALTAR PRIVATE BANK & TRUST
401 East Las Olas Blvd., Suite 100
Ft. Lauderdale, FL 33301

17649

13-846/2670
IC

11/7/2006

PAY TO THE
ORDER OF ___Casa Casuarinas___                                          $*1,500.00

__One Thousand Five Hundred and 00/100*******************************_____ DOLLARS

Casa Casuarinas

Private Banking

MEMO _____

#017649# ⑆267090455⑆ 00500 10085# ⑈0000 l50000⑈

Check 17649 Amount $1,500.00 Date 11/13/2006



Check 17649 Back

ROTHSTEIN ROSENFELDT ADLER
OPERATING ACCOUNT
LAS OLAS CITY CENTRE, SUITE 1650
401 E. LAS OLAS BLVD.  954-522-3456
FORT LAUDERDALE, FL 33301

17650

11/7/2006

PAY TO THE
ORDER OF___Casa Casuarinas

$*50,000.00

Fifty Thousand and 00/100***************************************************************************  DOLLARS

Casa Casuarinas

MEMO

⑈0⑈7650⑈ ⑆2690904055⑆    0050010085⑈    ⑆0005000000⑆

Check 17650 Amount $50,000.00 Date 11/13/2006



Check 17650 Back

ROTHSTEIN ROSENFELDT ADLER
OPERATING ACCOUNT
LAS OLAS CITY CENTRE, SUITE 1650
401 E. LAS OLAS BLVD.   954-522-3456
FORT LAUDERDALE, FL 33301

GIBRALTAR PRIVATE BANK & TRUST
401 East Las Olas Blvd., Suite 100
Ft. Lauderdale, FL 33301

17651

63 804/2670
66

11/7/2006

PAY TO THE
ORDER OF __Casa Casuarinas__                                                                     $*2,400.00

__Two Thousand Four Hundred and 00/100__*************************************** DOLLARS

Casa Casuarinas

Prime Banking

MEMO_____

⑈017651⑈ ⑆267090455⑆    005001008 5⑈    ⑆0000240000⑆

Check 17651 Amount $2,400.00 Date 11/13/2006



Check 17651 Back



Check 18790 Amount $1,222.37 Date 3/26/2007



Check 18790 Back



Check 19515 Amount $13,141.73 Date 5/4/2007



Check 19515 Back



Check 19738 Amount $90.00 Date 5/29/2007



Check 19738 Back



Check 19746 Amount $25,686.12 Date 5/18/2007



Check 19746 Back



Check 21158 Amount $224.70 Date 9/12/2007



Check 21158 Back



Check 22715 Amount $4,566.76 Date 12/27/2007



Check 22715 Back



Check 25440 Amount $224.70 Date 5/30/2008



Check 25440 Back

#0110001464
09/11/2008
6437665287

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

ROTHSTEIN ROSENFELDT ADLER
OPERATING ACCOUNT
LAS OLAS CITY CENTRE, SUITE 1650
401 E. LAS OLAS BLVD.
FORT LAUDERDALE, FL 33301

26243

PAY TO THE
ORDER OF   Casa Casuarina

Two Hundred Twenty-Four and 70/00

DOLLARS

Casa Casuarina
1116 Ocean Drive
Miami Beach, Florida 33139

Re/ 3708, Maint. Fee - 7/1/08 - 8/30/08

#026243#  4:267090455:  005001008 5#

#026243#      4:267090455:      005001008 5#      /00000 224 70/

Check 26243 Amount $224.70 Date 9/11/2008



Check 26243 Back



Check 22501  Amount $224.70  Date 12/18/2007



Check 22501 Back

```
Date   9/30/09            Page    3
Primary Account          50010085
Enclosures                     36
```

ROTHSTEIN ROSENFELDT ADLER PA
OPERATING ACCOUNT
401 EAST LAS OLAS BLVD
LAS OLAS CITY CENTRE   SUITE 1650
FT LAUDERDALE FL 33301

Business Analysis Checking          50010085   (Continued)

============================ Deposits and Credits ============================

| Date | Description | Amount | Refe |
|------|-------------|--------|------|
| 9/22 | Deposit | 77,037.06 | |
| 9/22 | Deposit | 42,889.28 | |

============================ Withdrawals and Debits ============================

| Date | | Amount | |
|------|--|--------|--|
| 9/01 | | | |
| 9/01 | | | |
| 9/02 | | | |
| 9/02 | | | |
| 9/02 | TRANS FROM OPERATING TO CASA CASUARINA | 50,964.08- | |
| 9/02 | | | |
| 9/02 | | | |
| 9/03 | | | |
| 9/03 | trans from Operating to Casa Casuarina | 200,000.00- | |
| 9/03 | | | |
| 9/03 | | | |
| 9/03 | | | |
| 9/04 | | | |
| 9/04 | | | |
| 9/04 | | | |
| 9/04 | | | |
```

```
                                        Date 10/30/09        Page     5
                                        Primary Account     50010085
                                        Enclosures                23
```

```
        ROTHSTEIN ROSENFELDT ADLER PA
        OPERATING ACCOUNT
        401 EAST LAS OLAS BLVD
        LAS OLAS CITY CENTRE  SUITE 1650
        FT LAUDERDALE FL 33301
```

Business Analysis Checking              50010085  (Continued)

=========================== Withdrawals and Debits ===========================

| Date | Description | Amount | Refe |
|------|-------------|--------|------|
| 10/20 | ▪▪▪▪▪▪▪▪ | ▪▪▪▪▪▪▪ | |
| 10/20 | ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪ | | |
| 10/21 | trans fr RRA OP to CASA acct | 125,000.00- | |
| 10/21 | | | |
| 10/22 | | | |
| 10/22 | | | |
| 10/22 | | | |
| 10/22 | | | |
| 10/22 | | | |
| 10/26 | | | |
| 10/27 | | | |
| 10/27 | | | |
| 10/27 | | | |
| 10/27 | | | |
| 10/27 | | | |
| 10/28 | | | |
| 10/28 | | | |
| 10/28 | | | |
| 10/29 | | | |

Wire Transfer Archive                TD BANK            Value Date: 09-04-2009 to 09-04-2009                    Page:

| NOF | DIR | | MID | | AMOUNT | CREATE DATE & TIME | VAL DATE | TYPE | BANK | DEPT | | BRANCH | VER | TEMPLATE | MSG STATUS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FED | O | | 09090416490BH200 | | 1,000,000.00 | 09-04-2009 16:50:18 | 09-04-2009 | 1000 | 136 | WIR | 136RB9999 | | .0 | | AGED |

BANK    ACCT TYPE & NUMBER        CUST CODE        CUSTOMER NAME            FEE        ADVICE

DEBIT ACCOUNT: 136  DDA 6860291274        68602912174        ROTHSTEIN ROSENFELDT ADLER PA        0.00
CREDIT ACCOUNT:

SENDER: 031201360 TD BANK                    RECEIVER: ██████ SUNTRUST BANK

ORIGINATOR: AC 6860291274
            ROTHSTEIN ROSENFELDT ADLER PA        BENEFICIARY: ██████ loftin Family LLC
            OPERATING ACCOUNT                                  109 Royal Palm Way
            401 EAST LAS OLAS BLVD STE 165
            FT LAUDERDALE, FL 33301-

ORIGINATING BANK:                            BENEFICIARY BANK: SUNTRUST BANK
                                                               ATLANTA
                                                               GA

INSTRUCTING BANK:                            INTERMEDIARY BANK:

PRODUCT CODE: CTR                            REFERENCES FOR BENEFICIARY:
SENDER REFERENCE: 09090416490BH200               AS OF DATE & REASON: 12-31-1969
          IMAD: 20090904CB76ELC0Q2674              REFERENCE IMAD:
          OMAD: 20090904P1Q2268C00665009041650VTVL      DISPOSITION:

OBI: IDNLSESH LLC

BBI:

Country Code:

NON-ACCOUNT INFORMATION:
   NAME :
   ADDR1:
   ADDR2:                                                      PHONE:
   CITY :        STATE:        ZIP:
   DRIVER'S LICENSE:           STATE OF ISSUE:        EXPIRATION DATE: 12-31-1969
   SSN OR EIN:                 TAXPAYER ID:           COMMENTS:

Wire Transfer Archive                TD BANK                Value Date: 09-21-2009 to 09-21-2009                Page:

| MOP | DIR | MID | AMOUNT | CREATE DATE & TIME | VAL DATE | TYPE | BANK | DEPT | BRANCH | VER | TEMPLATE | MSG STATUS |
|-----|-----|-----|--------|--------------------|----------|------|------|------|--------|-----|----------|------------|
| FED | O | 090921115413BE200 | 500,000.00 | 09-21-2009 15:45:19 | 09-21-2009 | 1006 | 136 | WIR | 136RR3999 | 0 | ADVICE | ACKD |

BANK    ACCT TYPE & NUMBER        CUST CODE        CUSTOMER NAME                FEE

DEBIT ACCOUNT: 136    DDA 6860251274        6860251274        ROTHSTEIN ROSENFELDT ADLER PA        0.00
CREDIT ACCOUNT:

SENDER: 031201360 TD BANK

ORIGINATOR: AC 6860251274                        RECEIVER: ————— SUNTRUST BANK
ROTHSTEIN ROSENFELDT ADLER PA
OPERATING ACCOUNT                        BENEFICIARY: Loftin Family LLC
401 EAST LAS OLAS BLVD STE 165                        109 Royal Palm Way
FT LAUDERDALE, FL 33301-

ORIGINATING BANK:                        BENEFICIARY BANK:        SUNTRUST BANK
                                                ATLANTA
                                                GA

INSTRUCTING BANK:                        INTERMEDIARY BANK:

PRODUCT CODE: CTR
SENDER REFERENCE: 090921115413BE200        REFERENCE FOR BENEFICIARY:
IMAD: 20090921C1B7G8ICO01784                AS OF DATE & REASON: 12-31-1969
OMAD: 20090921F1QC866C005213609211546FT01        REFERENCE IMAD:
                                        DISPOSITION:

OBI: LINKGRPH LLC

RBI:

Country Code:

NON-ACCOUNT INFORMATION:
NAME :                                        PHONE:
ADDR1
ADDR2:
CITY :        STATE:        ZIP:
DRIVER'S LICENSE:        STATE OF ISSUE:        EXPIRATION DATE: 12-31-1969
SSN OR EIN:        TAXPAYER ID:        COMMENTS:

TD BANK 1274-000649

## MID: 091008095835H400

**Message – Text:**

| | |
|---|---|
| **User ID :** | |
| **Message Status :** | COMPLETE |
| **Value Date :** | 10/08/2009 |
| **Date :** | 10/08/2009 |
| **Time :** | 09:58 |
| **URC :** | |
| **Test Key :** | |
| **Branch Code :** | 9999 |
| **Fee :** | 0.00 |
| **Pin :** | |
| **Ext Ref :** | 0000000001387612 |
| **Skpcallbck :** | NaN |
| **Tkprf :** | |
| **TranCode :** | |
| **SkipHost :** | NaN |
| **REU ID :** | |
| **Version :** | 0 |
| **Sender ABA :** | 011103093 |
| **Sender Name :** | TD BANK |
| **Receiver ABA :** | 061000104 |
| **Receiver Name :** | SUNTRUST BANK |
| **Msg Type :** | 10 |
| **Msg Subtype :** | 00 |
| **Product code :** | CTR |
| **Amount :** | 195,000.00 |
| **Reference :** | 091008095835H400 |
| **Originator ID Code :** | AC |
| **Originator ID :** | 6860291274 |
| **ORG :** | ROTHSTEIN ROSENFELDT ADLER PA |
| **Originator Address :** | OPERATING ACCOUNT |
| **Originator Address :** | 401 EAST LAS OLAS BLVD STE 165 |
| **Originator Address :** | FT LAUDERDALE, FL 33301- |
| **OGB Idcode :** | |
| **OGB Id :** | |
| **OGB :** | |
| **OGBAdd1 :** | |
| **OGBAdd2 :** | |
| **OGBAdd3 :** | |
| **INS Idcode :** | |
| **INS Id :** | |
| **INS :** | |

TD BANK 1274-000971

**INSAdd1 :**
**INSAdd2 :**
**INSAdd3 :**
**IBK Idcode :**
**IBK Id :**
**IBK :**
**IBKAdd1 :**
**IBKAdd2 :**
**IBKAdd3 :**
**BBK Idcode :**              FW
**BBK Id :**
**BBK :**                     SUNTRUST BANK
**BBKAdd1 :**                 25 PARK PLACE
**BBKAdd2 :**                 SUITE 1600
**BBKAdd3 :**                 ATLANTA, GA
**BNF Idcode :**              AC
**Beneficiary ID :**
**BNF :**                     · Loftin Family LLC
**Beneficiary Address :**     109 Royal Palm Way
**Beneficiary Address :**
**Beneficiary Address :**
**Ref for Ben :**
**Originator to Beneficiary Info :**   IDNLGEAH· LLC
**FI to FI Information :**
**As of reason :**
**As of date :**
**Reference IMAD :**
**IMAD :**                    20091008C1B76E1C0D0384
**OMAD :**                    20091008F1QCZ68C00172310080958FT01
**Charges :**
**Freetext1 :**
**Free text2 :**
**Corcode :**
**Corid :**
**cor :**
**coraddr :**
**coraddr :**
**coraddr :**
**COUNTRYCOD :**
**Cpdsubacc :**

### MID: 091008095835H400

**Message Notes:**

**Text: :**

http://pam.td.com:8080/WireHouse/General/WHCBlank.html                11/9/2009

TD BANK 1274-000972

**Version: :**

## MID: 091008095835H400

**Message Account Entry:**

| User ID | Account Type | Account # | Currency | Amount | Credit/Debit | acty_type |
|---------|-------------|-----------|----------|--------|--------------|-----------|
| | | | | | | |

## MID: 091008095835H400

**Message Account Activity:**

| Status | Account Type | Account # | Currency | Amount | Credit/Debit | acty_type |
|--------|-------------|-----------|----------|--------|--------------|-----------|
| AC | DPP | 6805102370 | USD | 195,000.00 | CR | W |
| AC | CLA | 8903200130 | USD | 195,000.00 | DB | W |
| AC | CLA | 8903200130 | USD | 195,000.00 | CR | W |
| AC | DDA | 6860292274 | USD | 195,000.00 | DB | W |

## MID: 091008095835H400

**BSA Notes:**

**Office :**
**Name :**
**Address1 :**
**Address2 :**
**City :**
**State :**
**Zip Code :**
**Phone :**
**Social Sec Number :**
**Tax Payer Id :**
**Driver License :**
**State Issued :**
**Expiration Date :**
**Comments :**
**User ID :**
**Date :**
**Time :**

11/9/2009

TD BANK 1274-000973

## MID: 091009155843H400

**Message - Text:**

| | |
|---|---|
| **User ID :** | MARKM |
| **Message Status :** | COMPLETE |
| **Value Date :** | 10/09/2009 |
| **Date :** | 10/09/2009 |
| **Time :** | 16:06 |
| **URC :** | |
| **Test Key :** | |
| **Branch Code :** | 9999 |
| **Fee :** | 0.00 |
| **Pin :** | |
| **Ext Ref :** | 0000000001389570 |
| **Skpcallbck :** | NaN |
| **Tkprf :** | |
| **TranCode :** | |
| **SkipHost :** | NaN |
| **REU ID :** | |
| **Version :** | 0 |
| **Sender ABA :** | 011103093 |
| **Sender Name :** | TD BANK |
| **Receiver ABA :** | 061000104 |
| **Receiver Name :** | SUNTRUST BANK |
| **Msg Type :** | 10 |
| **Msg Subtype :** | 00 |
| **Product code :** | CTR |
| **Amount :** | 580,000.00 |
| **Reference :** | 091009155843H400 |
| **Originator ID Code :** | AC |
| **Originator ID :** | 6860291274 |
| **ORG :** | ROTHSTEIN ROSENFELDT ADLER PA |
| **Originator Address :** | OPERATING ACCOUNT |
| **Originator Address :** | 401 EAST LAS OLAS BLVD STE 165 |
| **Originator Address :** | FT LAUDERDALE, FL 33301- |
| **OGB Idcode :** | |
| **OGB Id :** | |
| **OGB :** | |
| **OGBAdd1 :** | |
| **OGBAdd2 :** | |
| **OGBAdd3 :** | |
| **INS Idcode :** | |
| **INS Id :** | |
| **INS :** | |

http://pam.td.com:8080/WireHouse/General/WHCBlank.html                    11/9/2009

TD BANK 1274-000974

**INSAdd1 :**
**INSAdd2 :**
**INSAdd3 :**
**IBK Idcode :**
**IBK Id :**
**IBK :**
**IBKAdd1 :**
**IBKAdd2 :**
**IBKAdd3 :**
**BBK Idcode :**              FW
**BBK Id :**                  ▆▆▆▆▆▆
**BBK :**                     SUNTRUST BANK
**BBKAdd1 :**                 25 PARK PLACE
**BBKAdd2 :**                 SUITE 1600
**BBKAdd3 :**                 ATLANTA, GA
**BNF Idcode :**              AC
**Beneficiary ID :**         ▆▆▆▆▆▆▆▆
**BNF :**                     Loftin Family LLC
**Beneficiary Address :**    109 Royal Palm Way
**Beneficiary Address :**
**Beneficiary Address :**
**Ref for Ben :**
**Originator to Beneficiary Info :**
**FI to FI Information :**
**As of reason :**
**As of date :**
**Reference IMAD :**
**IMAD :**                    20091009C1B76E1C003083
**OMAD :**                    20091009F1QCZ68C00627010091607FT01
**Charges :**
**Freetext1 :**
**Free text2 :**
**Corcode :**
**Corid :**
**cor :**
**coraddr :**
**coraddr :**
**coraddr :**
**COUNTRYCOD :**
**Cpdsubacc :**

### MID: 091009155843H400

**Message Notes:**
_____

 **Text: :**

http://pam.td.com:8080/WireHouse/General/WHCBlank.html                    11/9/2009

TD BANK 1274-000975

**Version: :**

## MID: 091009155843H400

**Message Account Entry:**

| User ID | Account Type | Account # | Currency | Amount | Credit/Debit | actv_type |
|---------|--------------|-----------|----------|--------|--------------|-----------|
|         |              |           |          |        |              |           |

## MID: 091009155843H400

**Message Account Activity:**

| Status | Account Type | Account # | Currency | Amount | Credit/Debit | acc_type |
|--------|--------------|-----------|----------|--------|--------------|----------|
| AC | DPB | 6803100370 | USD | 580,000.00 | CR | W |
| AC | CLA | 9903200130 | USD | 580,000.00 | DB | W |
| AC | CLA | 9903200130 | USD | 580,000.00 | CR | W |
| AC | DDA | 6860291274 | USD | 580,000.00 | DB | W |

## MID: 091009155843H400

**BSA Notes:**

**Office :**
**Name :**
**Address1 :**
**Address2 :**
**City :**
**State :**
**Zip Code :**
**Phone :**
**Social Sec Number :**
**Tax Payer Id :**
**Driver License :**
**State Issued :**
**Expiration Date :**
**Comments :**
**User ID :**
**Date :**
**Time :**

http://pam.td.com:8080/WireHouse/General/WHCBlank.html                    11/9/2009

TD BANK 1274-000976

TD BANK 1274-000397

Wire Transfer Archive          TD BANK          Value Date: 08-10-2009 to 08-10-2009,          Page:

| MOP | DIR | MID | AMOUNT | CREATE DATE & TIME | VAL DATE | TYPE | BANK | DEPT | BRANCH | VER | TEMPLATE | MSG STATUS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FED | 0 | 09081016263R8200 | 41,341.81 | 08-10-2009 16:26:38 | 08-10-2009 | 1000 | 136 | WIR | 136R39999 | 0 | ADVICE | AGED |

DEBIT ACCOUNT: 136
CREDIT ACCOUNT:

| | BANK | ACCT TYPE & NUMBER | CUST CODE | CUSTOMER NAME | BANK | DEPT | FEE |
|---|---|---|---|---|---|---|---|
| | BANK | DDA 6860290274 | 6860290274 | ROTHSTEIN ROSENFELDT ADLER PA | 136 | WIR | 0.00 |

SENDER: 031201360 TD BANK                     RECEIVER: SUNTRUST BANK

ORIGINATING BANK:                             BENEFICIARY BANK: SUNTRUST BANK
                                              ATLANTA
                                              GA

ORIGINATOR: AC 686029D274                     BENEFICIARY: Loftin Hospitality LLC
ROTHSTEIN ROSENFELDT ADLER PA                 Miami Beach Florida
OPERATING ACCOUNT
401 EAST LAS OLAS BLVD STE 165
FT LAUDERDALE, FL 33301-

INSTRUCTING BANK:                             INTERMEDIARY BANK:

OBI:
BBI:
PRODUCT CODE: CTR                             REFERENCE FOR BENEFICIARY:
SENDER REFERENCE:                             AS OF DAYS & PERSON:
  09081016263R8200                            REFERENCE (RMAD):          12-31-1969
IMAD: 20090810I1B5LC002124                    DISPOSITION:
OMAD: 20090810DLQC26RC00594081016263V01

Country Code:
NON-ACCOUNT INFORMATION:
NAME:                                         PHONE:
ADDR1:
ADDR2:
ADDR3:
CITY:                STATE:       ZIP:
DRIVER'S LICENSE:    STATE OF ISSUE:          EXPIRATION DATE: 12-31-1969
SSN OR EIN:          TAXPAYER ID:             COMMENTS:

Wire Transfer Archive          TD BANK          Value Date: 07-24-2009 to 07-24-2009          Page:

| MOP | DIR | MID | AMOUNT | CREATE DATE & TIME | VAL DATE | TYPE | BANK | DEPT | BRANCH | VER | TEMPLATE | MSG STATUS |
|-----|-----|-----|--------|--------------------|----------|------|------|------|--------|-----|----------|------------|
| FED | O | 09072411148H200 | 1,125,000.00 | 07-24-2009 14:12:45 | 07-24-2009 | 1000 | 136 | WIR | 136BR9999 | 0 | ADVICE | NGED |

BANK          ACCT TYPE & NUMBER          CUST CODE          CUSTOMER NAME:          FEE          0.00

DEBIT ACCOUNT: 136    DDA 6860291274          6860291274          ROTHSTEIN ROSENFELDT ADLER PA
CREDIT ACCOUNT:

SENDER: 031201360 TD BANK                                    RECEIVER:                SUNTRUST BANK

ORIGINATOR: AC 6860291274                                    BENEFICIARY:
            ROTHSTEIN ROSENFELDT ADLER PA                                 Luxury Resorts, LLC
            OPERATING ACCOUNT                                             1116 ocean drive
            401 EAST LAS OLAS BLVD STE 165
            FT LAUDERDALE, FL 33301-

ORIGINATING BANK:                          BENEFICIARY BANK:          SUNTRUST BANK
                                                                      ATLANTA
                                                                      GA

INSTRUCTING BANK:                          INTERMEDIARY BANK:

PRODUCT CODE: CTR                          REFERENCE FOR BENEFICIARY:
SENDER REFERENCE: 09072411148H200                 AS OF DATE & REASON: 12-31-1969
          IMAD: 20090724C13768ZC001699          REFERENCE IMAD:
          OMAD: 20090724F1QCZ66C00501507241412FT01          DISPOSITION:

OBI: ref: INNLGEAH LLC

EBI:

Country Code:

NON-ACCOUNT INFORMATION:
  NAME :                                                        PHONE:
  ADDR1:
  ADDR2:
  CITY :
  STATE:          ZIP:
  DRIVER'S LICENSE:          STATE OF ISSUE:          EXPIRATION DATE: 12-31-1969
  SSN OR EIN:          TAXPAYER ID:          COMMENTS:

TD BANK 1274-000276

Wire Transfer Archive                    TD BANK                    Value Date: 08-03-2009 to 08-03-2009

Page:

| MOP | DIR | MID | AMOUNT | CREATE DATE & TIME | VAL DATE | TYPE | BANK | DEPT | BRANCH | VER. | TEMPLATE | MSG STATUS |
|-----|-----|-----|--------|--------------------|---------|------|------|------|--------|------|----------|------------|
| FED | 0 | 090803161712H200 | 500,000.00 | 08-03-2009 16:29:31 | 08-03-2009 | 1000 | 136 | WIR | 136BR9999 | 0 | | AGED |

BANK    ACCT TYPE & NUMBER              CUST CODE              CUSTOMER NAME                              FEE        ADVICE

DEBIT ACCOUNT:  136    DDA 6860291274          6860291274          ROTHSTEIN ROSENFELDT ADLER PA          0.00
CREDIT ACCOUNT:

SENDER: 031201360 TD BANK                                          RECEIVER: ▮▮▮▮▮ SUNTRUST BANK

ORIGINATOR: AC 6860291274                                          BENEFICIARY: ▮▮▮▮▮
            ROTHSTEIN ROSENFELDT ADLER PA                                       Luxury Resorts LLC
            OPERATING ACCOUNT                                                   1116 ocean drive
            401 EAST LAS OLAS BLVD STE 165
            FT LAUDERDALE, FL 33301-

ORIGINATING BANK:                                  BENEFICIARY BANK: ▮▮▮▮▮
                                                                     SUNTRUST BANK
                                                                     ATLANTA
                                                                     GA

INSTRUCTING BANK:                                  INTERMEDIARY BANK:

PRODUCT CODE: CTR                                  REFERENCE FOR BENEFICIARY:
SENDER REFERENCE: 090803161712H200                 AS OF DATE & REASON: 12-31-1969
        IMAD: 20090803C15F76B1C0003791             REFERENCE IMAD:
        OMAD: 20090803F3QCZ669C0074030803163OFT01  DISPOSITION:

OBI: IDXLGEAH LLC

EBI:

Country Code:

NON-ACCOUNT INFORMATION:
    NAME :                                          PHONE:
    ADDR1:
    ADDR2:
    CITY :              STATE:          ZIP:
    DRIVER'S LICENSE:            STATE OF ISSUE:         EXPIRATION DATE: 12-31-1969
    SSN OR EIN:                 TAXPAYER ID:             COMMENTS:

TD BANK 1274-000392

Wire Transfer Archive                    TD BANK                Value Date: 08-07-2009  to 08-07-2009                                    Page:

| MOP | DIR | MID | AMOUNT | CREATE DATE & TIME | VAL DATE | TYPE | BANK | DEPT | BRANCH | VER. | TEMPLATE | MSG STATUS |
|-----|-----|-----|--------|--------------------|----------|------|------|------|--------|------|----------|------------|
| FED | O | 0908071626465H200 | 500,000.00 | 08-07-2009 16:34:25 | 08-07-2009 | 1000 | 136 | WIR | 136BR9999 | 0 | ADVICE | AGED |

BANK    ACCT TYPE & NUMBER        CUST CODE        CUSTOMER NAME                                    FEE

DEBIT ACCOUNT:  136   DDA 6860291274                           ROTHSTEIN ROSENFELDT ADLER PA         0.00
CREDIT ACCOUNT:                                    6860291274

SENDER: 031201360 TD BANK

ORIGINATOR: AC 6860291274
ROTHSTEIN ROSENFELDT ADLER PA
OPERATING ACCOUNT
401 EAST LAS OLAS BLVD STE 165
FT LAUDERDALE, FL 33301-

RECEIVER:                SUNTRUST BANK

BENEFICIARY:             Luxury Resorts LLC
                         1116 ocean drive

ORIGINATING BANK:

BENEFICIARY BANK:        SUNTRUST BANK
                         ATLANTA
                         GA

INSTRUCTING BANK:

INTERMEDIARY BANK:

PRODUCT CODE: CTR
SENDER REFERENCE: 0908071626465H200
         IMAD: 20090807C1B76EB1C002219
         OMAD: 20090807FIQC268C006433080716634FT01

REFERENCE FOR BENEFICIARY:
  AS OF DATE & REASON:  12-31-1969
     REFERENCE IMAD:
        DISPOSITION:

OBI: IDNLGEAH LLC

BBI:

Country Code:

NON-ACCOUNT INFORMATION:
NAME :                                                PHONE:
  ADDR1:
  ADDR2:
  CITY:            STATE:        ZIP:
  DRIVER'S LICENSE:        STATE OF ISSUE:    EXPIRATION DATE: 12-31-1969
  SSN OR EIN:            TAXPAYER ID:         COMMENTS: